Day, J.
In this proceeding the plaintiff in error was plaintiff in the lower eourt. Priscilla Keith and Théo, D. Robb, as judge of the probate court of Allen county, Ohio, were defendants below and here. The action was to procure an order of injunction against the defendants, restraining the said probate judge from advertising and letting a contract to dig ditches and drains described in the petition and from certifying the costs and expenses of the proceeding to procure such ditches and drains so the same can be placed against the property of the plaintiff on the tax du *670 plicate of Allen county, Ohio, for collection,until the validity of the act by virtue of which the proceeding was had can be judicially determined.
A petition was filed by the railway company,setting forth the facts which it relied upon as constituting a legal, basis' entitling it to the relief of injunction, as prayed for. A general demurrer-to the petition, that it does not state facts-sufficient to constitute a cause of action, was sustained by the court, and the plaintiff not desiring to amend its petition or further plead, the petition was dismissed at plaintiff’s costs, for which judgment was given.
The plaintiff prosecutes error here, and the only question raised and presented is, do the facts stated in the petition constitute a cause of action entitling plaintiff to the relief prayed for?
The material facts stated in the petition are in substance: that the plaintiff is a railroad corporation, organized under the laws of Indiana; that on May 9th, 1899, there was served on the plaintiff’s agent in the city of Lima, Ohio, a notice, signed by the probate judge of Allen county, Ohio, and bearing the seal of the probate court of said county,and purporting to be a copy of an order of said probate court made in a matter pending therein, directing the said railway company to construct a drain or drains of sufficient capacity to conduct to a proper outlet the water that accumulated along the side of plaintiff’s road-bed, by reason of the construction and operation of said railway, at certain points designated and contiguous to lands owned by the defendant, Priscilla Keith. The notice further declares that unless the railway company comply with the said directions to construct the drains within thirty days from the service of said notice, that the probate court would forthwith proceed and advertise a letting, and would let a contract for the draining of said accumulated waters from the side of said roadbed, to the lowest bidder in accordance1 with law; that prior to said 9th day of May, 1899, the plaintiff railway company had no notice or summons served upon it requiring it to appear and answer to the complaint of the said Priscilla Keith made in said court, and no opportunity was afforded the plaintiff to make any defense or to make an issue as to whether said roadbed had been prop *671 crly provided with drainage or was exempted from drainage asü¡being*swamp lands; that the thirty days named in the said notice, so served on May 9th, 1899, have expired, and said Robb, as such probate judge, is threatening toproceed and advertise for the letting of a contract for the making of /such drains, and will, if not restrained, advertise and let such contracts, and thereupon will charge the cost and expense of the same against the property of the plaintiff and the same will be placed upon the tax duplicate against the plaintiff railway company tobe collected as other taxes; that the said proceeding in the probate court, in which said order was made and notice given, is under and by virtue of the provisions of sections 3342 to 3346,inclusive, of the Revised Statutes of Ohio, which sections the plaintiff asserts are contrary to the provisions of section 19, article 1, of the constitution of Ohio, for that thereby the plaintiff is deprived of his property without due process of law.
It is not stated as a fact that sufficient drainage to carry the water to an outlet and to prevent its accumulation so as to become a public nuisance, had been provided and was maintained by the railway company; or that the points where it is said drainage had not been provided was swamp lands, ■exempting the railroad company from constructing drainage by the express provisions of section 3342,Revised Statutes; but it is only stated in the petition as a ground for injunction, that the sections of the law, viz., 3342 to 3346, inclusive, are invalid because in conflict with section 19, article 1, of the constitution, in that they, deprive a citizen of his property without due process of law.
It is not the intention of the sections criticized to deprive •a person of his property without due process of law, or at ■all, but the sole intention is to require the owner of property to so use and enjoy it as not to inconvenience and injure other owners, or the public. This was a requirement of the common law, and no new doctrine or principle is enforced by the enactment of these sections.
In the connection in which they appear, as a part of the chapter relating to railroads and their construction and operation, the sections have reference to the original construction and reasonable maintenance and operation of railroad Toadbeds, making it the legal duty of the constructors to *672 provide drainage for all waters that accumulate along the roadbed by reason of its construction,except where the roadbed is on or near swamp lands, The effort seems to have been in the first instance to prevent the creation of a public nuisance by accumulated standing and stagnant water, and failing that, to abate it, somewhat summarily, after ample notice to the delinquent, at the expense of the party creating it or maintaining it; and there is nothing improper or unconstitutional or inequitable in that. It simply enforces a legal duty resting on the railroad corporation at the expense of the corporation. There is warrant for this view, both in reason and upon authority. The public, and as well an individual, on the doctrine of self defense, if no other, have a right to abate a physical, tangible nuisance summarily and without the intervention of judicial proceedings; but as in all cases of self defense,the act must be confined to the doing of what is necessary to accomplish the abatement. This is held in the case of Lawton against Steele, 119 New York, 226, re-reported in the 16th American State, page 813. It was also held in that case: “The abatement of a nuisance, without first resorting to judicial proceedings, may be authorized by statute, because such right of abatement existed at the common law and was not taken away by the constitutional provision, that the owner of property shall not be deprived of it without, due process of law.” And also “The legislature may, where a public nuisance is physical and tangible, direct its summary abatement by executive officers, without the intervention of judicial proceedings, in cases analagous to those where the remedy existed at the common law.” Andrews, J., who prepared the opinion, says on page 817 of the 16th American State Report:
“The right of summary abatement of nuisances, without judicial process or proceedings, was an established principle of the common law long before the adoption of our constitution, and it has never been supposed that this common law principle was abrogated by the provisions for the protection of life, liberty and property in our state constitution, although the exercise of the right might result in the destruction of property. ”
Judge Andrews quotes from numerous decisions in sup *673 port of the view announced in the Lawton-Steele case, to-wit: 5th Howard, 504; 35th New York, 308; and numerous, other authorities, and says:
Ridenour & Halfhill, for Plaintiff in Error,
M. A. Hogland, for Defendant.
“These authorities sufficiently establish the. proposition that the constitutional guaranty . does not take away the-common law right of abatement of nuisances by summary proceedings without judicial trial or process ’’
We think the same authorities amply cover the case made in the petition and necessitate the sustaining of the demurrer thereto. The sections, we think, are not in conflict with any provision of the state or federal constitution.
We perceive no error in the judgment of the lower court, and its judgment is affirmed, with costs,but without penalty.
Note — Ridenour & Halfhill, lor Plaintiff in Error: Injunction is the proper remedy in this case. While the remedy of one objecting to the finding of the county commissioners in a ditch proceeding is by appeal or error, not by injunction (Moody v. George, 37 W. L. B., 189), this applies to regular ditch proceedings under secs. 4447 to 4510-66 Revised Statutes, relating to county ditches, and would apply to proceedings under secs. 4511 to 4566 relating to township ditches, in regard to which the statute permits no proceeding without notice to the party whose property would be taken or who would be charged for the improvement. But the statute in the case at bar, secs. 3342 to 3346 R. S., is entirely different, as the proceeding thereunder is without any notice to the party to be charged, who therefore has no right to prosecute error or appeal, and injunction is the only remedy. R. R. Co. v. Wagner, Treas., 43 Ohio St., 75; sec. 5848 R. S.
Secs. 3342 to 3346 R. S.,are unconstitutional as in violation,of sec. 19, art. ), of the Ohio constitution, Reeves v. Treasurer of Wood Co., 8 Ohio St., 333; Crawford v. Delaware, 7 Ohio St., 459. “No man is to be condemned without the opportunity of making a defense, or to have his property taken from him by a judicial sentence without the privilege of showing, if he can, that the pretext for so doing is unfounded.” Ray v. Norseworthy, 23 Wallace, 118 (137).
In the case at bar, the defendant, prior to the action of the “board of three disinterested freeholders and the county surveyor”,had no opportunity to appear before thiB board and even show that its property was exempt from being ditched because its “road extends through or by swamp lands,” which is an exception provided for in the language of sec. 3342 R. S. The board in question acted summarily, and upon its ex-party report being filed with the probate judge he acted summarily and notified defendant to make the ditch complained of within a *674 designated time, thus entering an order and judgment against tile R. R; Co., defendant,in the probate court, without it having any opportunity of making a defense.
Further sec.7,art.l0,of Ohio constitution provides: “The commissioners of counties, the trustees of townships, and similar boards shall have such power of local taxation for police purposes as may be prescribed by law.” This provision of the constitution gives no power of local taxation to a probate judge for police purposes; and secs. 7 and 8 ®f art. 4 of the constitution establish and define the jurisdiction of probate courts and not probate judges. Moreover, the power of local taxation is a legislative and not a judicial function of government, hence It would be impossible for such jurisdiction of the probate court to be created by law. Therefore the statutes complained of in the petition not only transgress sec. 19 of the Bill of Rights, but the probate judge has also no power to thus levy a tax or assessment for police purposes. Sessions v. Crunkilton, Treas., 20 Ohio St., 349.
Whatever the character of the proceedings by which one is deprived of his property, whether judicial or administrative, and whether it takes the property directly or creates a charge or liability which may be the basis of taking it,the law directing the proceedings must provide for some kind of notice and offer the owner an opportunity to be heard,or the proceedings will want an essential ingredient of due process of law. R. R. Co. v. Wagner, 43 Ohio St., 75; Sessions v. Crunkilton, 20 Ohio St., 349; French v. Edwards, 13 Wallace, 506.
Such statutes as those complained of are in plain violation of sec. 1 art. 14 of the amendments to the TT. S. constitution.
If these statutes were an exercise of “police power” to prevent a nuisance, this would not in any way relieve the officials named in the statute from giving the party to be charged a notice that his property.is about to be taken for a certain purpose; that is, a summons which would permit him to appear before the board which exercises legislative, judicial, or administrative functions,and show that it was riot proper to thus charge his property for the abatement of a nuisance. It is easy to conceive that a land owner by some subsequent act of his own, afier being satisfied by contract or by condemnation proceedings for the value of his land taken and the damages sustained to the remainder, might dig an artesian well upon his own property, or open a stone quarry thereon, or by some other use of his own property be might readily permit a body of water to escape and lodge itself against the roadbed of the company; and then to subserve his purely private interest, he takes the property of the railroad company by enforcing against it the assessment whioh the statute complained of permit.
Further the plaintiff in error in the case at bar has no right even to show that its road-bed at the point and place in question extends through swamp lands owned by the defendant in error; and for the purpose of draining such swamp lands,plainly excepted by the statute, the defendant would be compelled to dig a ditch, or submit to have its property taken by an assessment for digging a ditch which satisfies only the private *675 interest of defendant in error, and is not for “public health, convenience, or welfare.”
All of the proceedings permitted fcy the statute complained of are in plain violation not only of sec. 19, art. 1, of the constitution of Ohio, which prohibits the taking of private property for private use; but it also contravenes section 7 of article 10 of the Ohio constitution, which prescribes how the power of local taxation for police purposes shall be exercised; and, it ■also contravenes seo. 1, art. 14, U. S. constitution, by depriving plaintiff in error of its property without due process of law.